IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSANNE H. LINN and MELISSA KNESZ, <br><br>    Plaintiff, <br><br> v. <br><br> NORTHAMPTON COUNTY, *et al.*, <br><br>    Defendants. | Civil Action No. 02 CV 4417 <br><br> Judge Anita Brody |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT AFSCME'S MOTION TO DISMISS</u>**

**I.    INTRODUCTION**

Plaintiffs commenced this action by filing a Complaint on or about July 2, 2002. Plaintiffs allege that their employer, Northampton County ("County") and their local union, AFSCME Local 2549 ("AFSCME" or "Union") engaged in unlawful discrimination and retaliation, that the County violated their constitutional rights, and that AFSCME breached its duty of fair representation to them. Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), Defendant AFSCME is this day filing a Motion to Dismiss. This memorandum of law is submitted in support of that Motion.

**II.    STATEMENT OF FACTS**

Plaintiffs Linn and Knesz allege that they have been employed as corrections officers in the County's Department of Corrections for approximately ten and four years, respectively. Complaint ¶ 5. Throughout their employment, AFSCME has represented them for collective bargaining purposes. <u>Id.</u> Plaintiffs allege that

AFSCME discriminated against them on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 43 U.S.C. §§ 2000e, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq.*, and breached its duty of fair representation to them under Section 301 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 185. Complaint ¶¶ 1, 6-30, 41-49.

As to their claims under Title VII and the PHRA, Plaintiffs allege that AFSCME refused to process grievances on their behalf on account of their gender; that Union representatives ignored complaints of gender discrimination, and retaliated against women, including Plaintiffs, for making such complaints; and that AFSCME excluded Plaintiffs from negotiations regarding grievances "nominally filed on plaintiffs' own behalf." Complaint ¶¶ 13, 20, 24.

In support of their claim under the NLRA, Plaintiffs allege that AFSCME failed and refused to fairly represent them in grievance proceedings, as well as contract negotiations and enforcement, failed to process grievances on their behalf, or only perfunctorily pressed their claims, and colluded with the County to deprive them of unbiased treatment. Complaint ¶ 42, 43, 44.

**III.    ARGUMENT**

**Count VI of the Complaint Must Be Dismissed for
Failure To State a Claim Upon Which Relief May Be Granted.**

In ruling on a motion to dismiss under Rule 12(b)(6) (for failure to state a claim upon which relief can be granted), the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). A case should be dismissed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the plaintiff's allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33 (1984); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  Even under this exacting standard, Count VI must be dismissed in this case, because Plaintiff has failed to allege facts which, if ultimately proven, would support any claim for relief against Defendants under the NLRA.

Count VI of the Complaint purports to state a claim against AFSCME for breach of its duty of fair representation to Plaintiffs under the NLRA.  Complaint ¶ 1 & p. 12.  However, the NLRA has no application to Plaintiffs, nor to their relationship with the County or AFSCME.

By its terms, the NLRA applies only to employees of "employers" as defined in that Act.  See 29 U.S.C. § 152(3) ("The term 'employee' . . . shall not include any individual employed . . . by any other person who is not an employer as herein defined.") The NLRA's definition of employer specifically excludes "any State or

-3-

political subdivision thereof." See 29 U.S.C. § 152(2).  Plaintiffs are employed by the County, a political subdivision of Pennsylvania.  Thus, the County is not an "employer" within the meaning of the NLRA, and for that reason, Plaintiffs are not "employees" within the meaning of that statute.  Therefore, Plaintiffs have no rights under the NLRA, and no claim against AFSCME for breach of any duty of fair representation under that statute.  See Manfredi v. Hazleton City Authority, 793 F.2d 101, 104 (3d Cir. 1986); Crilly v. SEPTA, 529 F.2d 1355, 1357-1362 (3d Cir. 1976); Williams v. United Transp. Union, 155 LRRM (BNA) 3083, 3084 (E.D. Pa. 1996).

Since no relief could be granted to Plaintiffs under the NLRA, under any set of facts that could be proved consistent with the Plaintiffs' allegations, Count VI of the Complaint must be dismissed pursuant to Rule 12(b)(6).

## IV.  CONCLUSION

For all of the foregoing reasons, Defendant AFSCME respectfully requests that the Court enter an order granting Defendant AFSCME's Motion to Dismiss..

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

By: _____
AMY L. ROSENBERGER, ESQUIRE
Pa. Attorney I.D. No. 76257
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Dated: September 30, 2002        Counsel for Defendant AFSCME

-4-

## **CERTIFICATE OF SERVICE**

I, AMY L. ROSENBERGER, ESQUIRE, hereby certify that I have this day caused a true and correct copy of the foregoing Memorandum of Law In Support of Defendant AFSCME's Motion to Dismiss to be served by first class mail, postage prepaid, upon the following:

>Anne P. Felker, Esquire
>539 Center Street
>P.O. Box 190
>Bethlehem, PA 18016-0190
>(610) 861-7737
>
>Jordan Yeager, Esquire
>Boockvar & Yeager
>714 Main Street
>Bethlehem, PA 18018
>(610) 861-4662
>*Counsel for Plaintiffs*
>
>David J. MacMain, Esquire
>L. Kristen Blanchard, Esquire
>Montgomery, McCracken, Walker
> & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>*Counsel for Defendants Northampton County*
> *and Todd Buskirk*

_____
AMY L. ROSENBERGER, ESQUIRE

Dated: September 30, 2002