UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNE H. LINN and<br>MELISSA KNESZ, | : | Civil Action No. 02-4417 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NORTHAMPTON COUNTY,<br>NORTHAMPTON COUNTY<br>DEPARTMENT OF CORRECTIONS,<br>TODD BUSKIRK, WARDEN,<br>AFSCME LOCAL 2549, | : | |
| | : | |
| Defendants. | : | |

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS NORTHAMPTON COUNTY, NORTHAMPTON COUNTY
DEPARTMENT OF CORRECTIONS AND TODD BUSKIRK TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk ("Defendants" or "Northampton Defendants") hereby answer the First Amended Complaint of Plaintiffs as follows, denying each and every averment thereof except as expressly admitted by the following:

1.      Defendants admit only that Plaintiffs assert claims under Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e *et seq.*, the Public Employee Relations Act, 43 §§ 1101.201 *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*.  The remaining averments contained in paragraph 1 of the Complaint are conclusions of law to which no responsive pleading is deemed necessary.  To the extent that a response is deemed necessary, Defendants deny each and every allegation of paragraph 1.

-2-

2. Defendants admit only that jurisdiction lies with the Eastern District of Pennsylvania. The remaining averments of paragraph 2 are denied.

3. Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 3 of the Complaint, and therefore these allegations are denied.

4. Defendants admit only that Suzanne H. Linn and Melissa Knesz are Plaintiffs in this matter. Defendants are without information sufficient to form an opinion or belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore these averments are denied.

5. Defendants admit that Northampton County, Northampton County Department of Corrections and Todd Buskirk have a business address of 666 Walnut Street, Easton, Northampton County, Pennsylvania. Defendants further admit that Plaintiffs worked for Northampton County and Northampton County Department of Corrections. Defendants further admit that Plaintiff Linn began her employment on June 23, 1992, and that Plaintiff Melissa Knesz began her employment on April 17, 1998. Defendants are without information sufficient to form an opinion or belief as to the truth of the remaining averments contained in paragraph 5 and therefore these averments are denied.

**COUNT I**
**Plaintiffs v. All Defendants**
**TITLE VII – DISCRIMINATION**

6. Defendants incorporate herein by reference their answers to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Admitted.

-3-

8. Denied.

9. Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 9 regarding Plaintiffs' representation by AFSCME Local 2549, and therefore these averments are denied. The remaining averments contained in paragraph 9 are denied.

10. – 12. Denied.

13. Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 13, and therefore these averments are denied.

14. – 15. Denied.

16. Defendants admit only that Plaintiff Linn filed a change of discrimination with the Equal Employment Opportunity Commission. Defendants are without information sufficient to form an opinion or belief as to the truth of the remaining averments contained in paragraph 16, and therefore these averments are denied.

17. Defendants admit only that Plaintiff Knesz filed a change of discrimination with the Equal Employment Opportunity Commission. Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 17, and therefore these averments are denied.

18. Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

**COUNT II**
**Plaintiffs v. All Defendants**
**TITLE VII – HOSTILE WORK ENVIRONMENT**

19.     Defendants incorporate herein by reference their answers to paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20.     Denied.

21.     Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 21 regarding actions taken by the union, and therefore these averments are denied.  The remaining averments contained in paragraph 21 are denied.

22. – 26.     Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

**COUNT III**
**Plaintiffs v. All Defendants**
**TITLE VII – RETALIATION**

27.     Defendants incorporate herein by reference their answers to paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. – 30.     Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

-5-

## COUNT IV
### Plaintiffs v. Northampton County, Department of Corrections and Todd Buskirk
### 42 U.S.C. § 1983 – EQUAL PROTECTION

31. Defendants incorporate herein by reference their answers to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

32. Defendants admit that Plaintiffs are entitled to equal treatment. It is denied that Plaintiffs were not given equal treatment.

33. – 35.   Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## COUNT V
### Plaintiffs v. Northampton County, Department of Corrections and Todd Buskirk
### 42 U.S.C. § 1983 – FIRST AMENDMENT

36. Defendants incorporate herein by reference their answers to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

37. Defendants admit that the First Amendment provides Plaintiffs with certain rights. It is denied that these rights were denied.

38. – 40.   Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor

868598v1

and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

### COUNT VI
### Plaintiffs v. AFSCME Local 2549
### BREACH OF DUTY OF FAIR REPRESENTATION

41. Defendants incorporate herein by reference their answers to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

42. - 46. The averments contained in paragraphs 42-46 of the Complaint are not directed to Defendants Northampton County, Northampton County Department of Corrections or Todd Buskirk and therefore, no response is required.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

### COUNT VII
### Plaintiffs v. All Defendants
### PENNSYLVANIA HUMAN RELATIONS ACT

47. Defendants incorporate herein by reference their answers to paragraphs 1 through 5 of the Complaint as though fully set forth herein.

48. Defendants are without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 48, and therefore these averments are denied.

49. Denied.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully request that the Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiffs' claims. Defendants have not yet obtained adequate discovery from Plaintiffs or from third parties in connection with this action, and Defendants reserve the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

-8-

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Defendants acted at all times in good faith and for legitimate reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiffs, the existence of which is denied.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is unconstitutional.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8521, et seq.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was not severe, outrageous, or pervasive.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not engaged in any protected activity.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have no medical evidence of alleged injuries resulting from Defendants' conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their complaint was not timely filed after dismissal of their agency proceedings.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have no entitlement to punitive damages under Title VII.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct was welcome by them and not a violation of any law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged discriminatory, harassing or retaliatory conduct occurred more than 300 days prior to the filing of their agency complaints.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All actions taken by the answering Defendants were legitimate and nondiscriminatory and unrelated to Plaintiffs' sex or any alleged protected activity undertaken by Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the answering Defendants never acted in a willful, wanton, reckless or malicious manner.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants never acted with any improper, discriminatory or retaliatory motive or animus.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all times material hereto, the penalties and policies of the Northampton defendants protected and granted the rights of all persons including plaintiffs.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs rights were not violated.

WHEREFORE, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk respectfully requests that this Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

Respectfully submitted,

_____
David J. MacMain (Atty. ID No. 59320)
L. Kristen Blanchard (Atty. ID No. 80005)
MONTGOMERY MCCRACKEN WALKER & RHOADS
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendants,
Northampton County, Northampton County Department of Corrections and Todd Buskirk

## CERTIFICATE OF SERVICE

I, L. Kristen Blanchard, hereby certify that on this ___ day of December, 2002, I caused a true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendants Northampton County, Northampton County, Department of Corrections and Todd Buskirk to Plaintiffs' First Amended Complaint** to be served via First Class United States mail, postage prepaid upon the following:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA 18016-0190

Jordan Yeager, Esquire
Boockvar & Yeager
714 Main Street
Bethlehem, PA 18017

*Attorneys for Plaintiffs,*
*Susanne H. Linn and Melissa Knesz*

Amy L. Rosenberger, Esquire
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA 19103

*Attorney for Defendant,*
*AFSCME Local 2549*

_____
L. Kristen Blanchard

868598v1