IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSANNE H. LINN and MELISSA KNESZ,

Plaintiff,

v.

NORTHAMPTON COUNTY, *et al.*,

Defendants.

Civil Action No. 02 CV 4417

Judge Anita Brody

## DEFENDANT AFSCME'S ANSWER
## AND DEFENSES TO FIRST AMENDED COMPLAINT

AND NOW, Defendant Local 2549, ("AFSCME" or "Union"), by and through its attorneys, Willig, Williams & Davidson, responds to the First Amended Complaint in the above-captioned matter.  Any allegation which is not specifically admitted below is denied.

## FIRST DEFENSE

1.      Denied.  This paragraph contains no averments of fact but only conclusions of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

2.      Admitted in part; denied in part.  It is admitted that the Plaintiffs allege certain acts occurring in the Eastern District of Pennsylvania.  The remaining averments of this paragraph are denied.

3.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph and they are therefore denied.

4.    Admitted in part; denied in part.  Admitted that Plaintiffs Susanne H. Linn and Melissa Knesz are adult individuals.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments of this paragraph.

5.    Admitted in part; denied in part.  Admitted that the named Defendants in this matter are Northampton County, its Department of Corrections, Todd Buskirk, Warden, and American Federation of State, County and Municipal Employees, Local 2549; and it is further admitted, upon information and belief, that Defendants Northampton County, its Department of Corrections and Todd Buskirk all have a business address of 666 Walnut Street, Easton, Northampton County, Pennsylvania; and it is further admitted that both Plaintiffs worked for the Northampton County Department of Corrections and were represented by Defendant AFSCME.  AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments regarding when the Plaintiffs commenced employment and those averments are therefore denied.  The remaining averments of this paragraph are denied.

6.      Defendant AFSCME incorporates its responses to paragraphs 1 through 5 as though fully set forth herein.

7.      Admitted.

8.      Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph and they are therefore denied.

9.      Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

14.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

15.    Denied.

16.    Admitted in part; denied in part.  It is admitted that Plaintiff Linn filed a charge of discrimination on the basis of sex with the Equal Employment Opportunity Commission, at charge number 170A200901.  It is denied that the charge was filed on March 29, 2001.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and they are therefore denied.

17.    Admitted in part; denied in part.  It is admitted that Plaintiff Knesz filed a charge of discrimination on the basis of sex with the Equal Employment Opportunity Commission, at charge number 170A200899.  It is denied that the charge was filed on March 29, 2001.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and they are therefore denied.

18.    Denied.  This paragraph contains no averments of fact but only conclusions of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

19.    Defendant AFSCME incorporates its responses to paragraphs 1 through 18 as though fully set forth herein.

20.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

21.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

22.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

23.     Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

24.     Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

25.     Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

26.     Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

27.     Defendant AFSCME incorporates its responses to paragraphs 1 through 26 as though fully set forth herein.

28.     Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph

regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

29.    Denied.

30.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

31.    Defendant AFSCME incorporates its responses to paragraphs 1 through 30 as though fully set forth herein.

32.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

33.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remainder of this paragraph contains no averments of fact but only conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed necessary, those averments are denied.

34.    Denied.

35.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

36.    Defendant AFSCME incorporates its responses to paragraphs 1 through 35 as though fully set forth herein.

37.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

38.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

39.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph regarding actions taken by employer representatives, and those averments are therefore denied.  The remaining averments of this paragraph are denied.

40.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

41.    Defendant AFSCME incorporates its responses to paragraphs 1 through 40 as though fully set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

45.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

46.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

47.    Defendant AFSCME incorporates its responses to paragraphs 1 through 46 as though fully set forth herein.

48.    Denied.  Defendant AFSCME is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph and they are therefore denied.

49.    Denied.  This paragraph contains no averments of fact but only a conclusion of law, to which no responsive pleading is required.  To the extent that a response is deemed necessary, the averments of this paragraph are denied.

## SECOND DEFENSE

50.    Some or all of Plaintiffs' claims against AFSCME are barred by the applicable statutes of limitations.

## THIRD DEFENSE

51.    As a matter of law, no compensatory or punitive damages are recoverable from Defendant AFSCME.

## FOURTH DEFENSE

52.    Some or all of Plaintiffs' claims are barred because they have failed to exhaust their statutorily required administrative remedies, as a condition precedent to suit.

## FIFTH DEFENSE

53.    Some or all of Plaintiffs' claims are barred because they failed to exhaust their remedies under the grievance procedure set forth in the collective bargaining agreement.

## SIXTH DEFENSE

54.    Some or all of Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches and unclean hands.

## SEVENTH DEFENSE

55.    Plaintiffs have failed to mitigate their damages, if any, and Defendant AFSCME is not liable for their unmitigated damages.

## EIGHTH DEFENSE

56.    Plaintiffs' damages, if any, were proximately caused by their own acts or the acts of third parties, and as such, were not proximately caused by the conduct of Defendant AFSCME.

## NINTH DEFENSE

57.    Defendant AFSCME did not unlawfully discriminate or retaliate against Plaintiffs.

## TENTH DEFENSE

58.    Any and all acts or omissions by Defendant AFSCME were based upon legitimate, non-discriminatory, non-retaliatory reasons.

## ELEVENTH DEFENSE

59.    Defendant AFSCME did not breach its duty of fair representation to Plaintiffs.

## TWELFTH DEFENSE

60.    Plaintiffs are not entitled to any of the relief prayed for in the First Amended Complaint.

## THIRTEENTH DEFENSE

61.    At all times, Defendant AFSCME acted in good faith and for legitimate reasons.

## FOURTEENTH DEFENSE

62.    Some or all of Plaintiffs' claims are barred because the actions of which they complain are not actionable under any state or federal law.

Inasmuch as Defendant AFSCME has not yet received responses to its discovery requests from Plaintiffs, nor taken discovery from other parties or, Defendand AFSCME reserves the right to assert, by amendment of this pleading, by motion or by other means, any and all applicable defenses which may become apparent as discovery and other proceedings in this matter move forward.

WHEREFORE, Defendant AFSCME respectfully requests that the Court enter judgment in its favor and against Plaintiffs, together with costs, reasonable attorneys' fees and such further relief as the Court may deem appropriate.

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

By: _____
AMY L. ROSENBERGER, ESQUIRE
Pa. Attorney I.D. No. 76257
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3600

Counsel for Defendant AFSCME Local 2549

Dated: December 17, 2002

## <u>CERTIFICATE OF SERVICE</u>

I, AMY L. ROSENBERGER, ESQUIRE, hereby certify that I have this day caused a true and correct copy of the foregoing Defendant AFSCME's Answer and Defenses to First Amended Complaint to be served by first class mail, postage prepaid, upon the following:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA 18016-0190
(610) 861-7737

Jordan Yeager, Esquire
Boockvar & Yeager
714 Main Street
Bethlehem, PA 18017
(610) 861-4662
*Counsel for Plaintiffs*

David J. MacMain, Esquire
L. Kristen Blanchard, Esquire
Montgomery, McCracken, Walker
 & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
*Counsel for Defendants Northampton County
 and Todd Buskirk*

_____
AMY L. ROSENBERGER, ESQUIRE

Dated: December 17, 2002