UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSANNE H. LINN and<br>MELISSA KNESZ,<br><br>   Plaintiffs,<br><br>  v.<br><br>NORTHAMPTON COUNTY,<br>NORTHAMPTON COUNTY<br>DEPARTMENT OF CORRECTIONS,<br>TODD BUSKIRK, WARDEN,<br>AFSCME LOCAL 2549,<br><br>   Defendants. | Civil Action No. 02-4417<br><br><br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of the Joint Motion in Limine of all Defendants to Preclude the Admission of Records for Susanne Linn from Allentown Associates in Psychiatry & Psychology, it is hereby ORDERED that Defendants' Motion is GRANTED.

BY THE COURT:

_____
Brody, J.

937346v2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSANNE H. LINN and MELISSA KNESZ, | Civil Action No. 02-4417 |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| NORTHAMPTON COUNTY, NORTHAMPTON COUNTY DEPARTMENT OF CORRECTIONS, TODD BUSKIRK, WARDEN, AFSCME LOCAL 2549, | |
| Defendants. | |

## JOINT MOTION IN LIMINE OF ALL DEFENDANTS TO PRECLUDE THE ADMISSION OF RECORDS FROM ALLENTOWN ASSOCIATES IN PSYCHIATRY & PSYCHOLOGY

Defendants, by and through their undersigned counsel, hereby move for an Order precluding Plaintiffs from introducing into evidence any records from Allentown Associates In Psychiatry & Psychology. The grounds for this motion are set forth in the accompanying Brief, which is incorporated herein by reference.

_____
Linda M. Martin, Esquire
John R. Bielski, Esquire
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA 19103
(215) 656-3600

Attorneys for Defendant
AFSCME Local 2549

Dated: July 15, 2003

_____
David J. MacMain, Esquire
L. Kristen Blanchard, Esquire
Dennis G. Young, Jr., Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendants,
Northampton County, Northampton County, Department of Corrections, and Todd Buskirk

Dated: July 15, 2003

937346v2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNE H. LINN and<br>MELISSA KNESZ,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NORTHAMPTON COUNTY,<br>NORTHAMPTON COUNTY<br>DEPARTMENT OF CORRECTIONS,<br>TODD BUSKIRK, WARDEN,<br>AFSCME LOCAL 2549,<br><br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 02-4417<br><br><br><br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF JOINT MOTION IN LIMINE OF ALL DEFENDANTS TO PRECLUDE THE ADMISSION OF RECORDS FROM ALLENTOWN ASSOCIATES IN PSYCHIATRY & PSYCHOLOGY**

**I.　INTRODUCTION AND FACTS**

This is an employment discrimination case. Plaintiffs Susanne Linn and Melissa Knesz (collectively, "Plaintiffs"), have asserted claims against Defendants Northampton County, Northampton County Department of Corrections, Todd Buskirk, and AFSCME Local 2549 based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Public Employee Relations Act, 43 P.S. § 1101.201 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (See copy of Complaint, attached hereto as Exhibit "A").

　　**A.　EEOC and Federal Complaint**

On or about March 29, 2001, Plaintiffs Susanne Linn and Melissa Knesz filed complaints with the Equal Employment Opportunity Commission against the County Defendants and Defendant AFSCME alleging employment discrimination on the basis of sex. (Copies of their Complaints are attached hereto as Exhibit "B"). On or about December 4, 2002, Plaintiffs filed a

-2-

937346v2

First Amended Complaint with this Court, alleging discrimination on the basis of sex. In the Complaint, both Plaintiffs seek damages for emotional distress. (See First Amended Compl. at ¶¶18(e), 26(e), 30(e), 35(d), 40(d), 46(e), 49(e)).

**B.    Procedural History**

On September 30, 2002, Defendant AFCSME served its First Set of Interrogatories and Requests for Production of Documents upon Plaintiff Susanne Linn ("Linn"). Therein, AFSCME propounded the following requests:

> 8. Identify each and every physician, psychiatrist, psychologist, counselor or other person whom you have consulted (other than counsel) or by whom you have been treated in connection with any of the items of damage for which you seek redress [in] this matter, and state the matter with regard to which each such individual was consulted, the date(s) of any such consultation, and the substance of any opinion(s) and/or diagnoses rendered by each such individuals [sic], the grounds therefor. . .

### REQUEST FOR PRODUCTION OF DOCUMENTS

> 1. Produce each and every document identified or referred to in response to the foregoing Interrogatories or in your Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

(See First Set of Interrogatories and Requests for Production of Documents Propounded by AFSCME Local 2549 to Plaintiff Susanne H. Linn, attached hereto as Exhibit "C").

On October 10, 2002, Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk (collectively, "Northampton Defendants") served their First Set of Interrogatories and Request for Production of Documents Directed to Plaintiff Susanne Linn. The Interrogatories contained the following requests:

> 15. Did you ever receive any psychological counseling, therapy, or other counseling prior to your employment with Northampton County? If so, please provide the following:
>
> (a)    Dates of treatment;
> (b)    The physician(s) with whom you treated;

(c) Any diagnoses rendered by the physician;
(d) Identify the location of any medical records pertaining to this treatment.

16. Did you ever receive any psychological counseling, therapy, or other counseling associated with your allegations in the Complaint in paragraphs 18, 26, 30, 35, 40, 46 and 49 that you suffer from emotional distress associated with your clients? If so, please provide the following:

(a) Dates of treatment;
(b) The physician(s) with whom you treated;
(c) Any diagnoses rendered by the physician;
(d) Identify the location of any medical records pertaining to this treatment.

(See Northampton Defendants Interrogatories, attached hereto as Exhibit "D").

Northampton Defendants' discovery requests, served on October 10, 2003, also included the following document requests:

1. Produce all documents identified in your answer to Defendants' First Set of Interrogatories Addressed to Plaintiff Susanne H. Linn.

2. Produce copies of all documents that you relied upon in preparing your responses to Defendants' First Set of Interrogatories Addressed to Plaintiff Susanne H. Linn. . . .

5. Produce copies of all documents that you will rely upon in support of your allegation that the Defendants discriminated and/or retaliated against you, as alleged in the Complaint. . . .

8. Produce copies of all documents identified in Plaintiff's Rule 26 Disclosures. . . .

10. Produce copies of all documents that support all claims in the Complaint. . . .

13. Produce copies of all documents that support you claim for lost past and future wages, lost health benefits, lost pension contributions, and lost future earning capacity as a result of alleged discriminatory treatment.

(See Northampton Defendants' Request for Productions of Documents, attached hereto as Exhibit "E").

-4-

937346v2

On March 3, 2003, Plaintiff Susanne Linn responded to the Interrogatories by objecting to the above-cited requests "on the basis of privilege." She further responded that she was "willing to provide information subject to an appropriate confidentiality agreement." (See Linn's Responses to Document Requests, attached hereto as Exhibit "F").

On March 11, 2003, Kristen Blanchard, counsel for Defendants Northampton County, Northampton County Department of Corrections and Todd Buskirk sent a letter to Plaintiffs' counsel stating that no confidentiality agreement was provided with Linn's responses to Interrogatories. Ms. Blanchard requested that Plaintiffs' counsel provide such an agreement so that she could obtain Linn's records. Ms. Blanchard did not receive any response to her request.

Despite the absence of a confidentiality agreement, the parties were required to proceed with Linn's deposition because of the impending discovery deadline, and the first day of Linn's deposition took place on June 5, 2003. During the deposition, Linn testified that she has been in and out of therapy since the late 1980s and has been diagnosed as manic depressive. (Linn dep.[1] at 6-12).

During the deposition, Ms. Blanchard asked Plaintiffs' counsel Anne Felker about a confidentiality agreement and medical records for Ms. Linn. Ms. Felker stated that same would be produced on Monday, June 9, during the second day of Linn's deposition testimony. In light of this representation, on June 5, 2003, Ms. Blanchard wrote to Plaintiffs' counsel to confirm that the agreement would be produced and to warn that a motion to compel would be filed if a confidentiality agreement was not provided by June 9, 2003. (See June 5, 2003, correspondence,

---

[1] "Linn dep." refers to pages from the transcript of Plaintiff Susanne Linn, taken on June 5, 2003, a copy of which is attached hereto as Exhibit "G."

attached hereto as Exhibit "H"). At this time, there was less than one month before the close of discovery.

On June 9, 2003, Plaintiffs' counsel produced a stipulation of confidentiality, which all counsel signed. Plaintiffs' counsel then produced copies of records from several, but not all, of the providers identified by Linn during her deposition testimony.[2] One set of records from the Allentown Associates in Psychiatry & Psychology, reflecting treatment of Linn since her termination by Defendant Department of Corrections in October, 2002, was illegible, and the borders of several of the pages were cut such that words on the pages were incomplete. (See copy of Allentown Associates records, as produced by Plaintiff Susanne Linn, attached hereto as Exhibit "I").

On June 13, 2003, Ms. Blanchard wrote to Plaintiffs' counsel and expressed her concern regarding the illegible and incomplete nature of the records from Allentown Associates. Specifically, Ms. Blanchard wrote that,

> To the extent that Ms. Linn intends to rely upon these records in support of her claims in this matter, please have the individual treating Ms. Linn at Allentown Associates provide a typewritten transcription of these notes.

(See June 12, 2003, correspondence, attached hereto as Exhibit "J").

In that same letter, Ms. Blanchard enclosed medical releases for all mental health providers identified by Linn during her deposition, and requested that Linn sign and return the releases to Defendants' counsel. Ms. Blanchard explained that she intended to subpoena all of Linn's providers and that they had indicated that they would not produce Linn's records in the absence of a release. (See id.)

---

[2] Linn's counsel stated that records were not produced from all providers because either the records no longer existed or providers could not be found.

Defendants received no response to this letter from Plaintiffs' counsel. On June 25, and in the absence of any response from Plaintiffs' counsel, paralegal Beth Oberly from Ms. Blanchard's office attempted to contact Ms. Felker several times via telephone to follow-up on the medical releases. She received no response. Accordingly, Ms. Oberly sent correspondence to Ms. Felker inquiring as to the status of the releases. (See copy of June 25 correspondence, attached hereto as Exhibit "K").

On June 26, 2003, during depositions in this matter, Ms. Felker inquired of Ms. Blanchard as to why Ms. Oberly was attempting to contact her. Ms. Blanchard explained that Defendants wanted to subpoena Linn's medical providers because Defendants' counsel's paralegal was able to locate all of Linn's providers. Ms. Felker responded that she had already provided records. Ms. Blanchard explained that because Ms. Felker had not produced records from all providers, Defendants wanted to obtain those. Moreover, it is standard practice of Ms. Blanchard's office to subpoena medical records in the course of litigation involving a claim for emotional distress, regardless of the records that are produced by a plaintiff.

Ms. Felker then stated that she would produce signed releases if they were provided to her. When reminded that they had previously been provided to her, she stated that she would find and produce them. Nevertheless, in an effort to expedite the process, Ms. Oberly faxed another copy of the releases to Ms. Felker's office on that date. (See copy of facsimile confirmation, attached hereto as Exhibit "L"). To date, signed medical releases have not been provided by Linn. Discovery closed on July 8, 2003.[3]

---

[3] On July 8, in a final effort to obtain a legible version of the records from Allentown Associates in Psychiatry & Psychology, Defendants sent another set of document requests, containing the following request:

(...continued)

II.  **ARGUMENT**

    A.    <u>**This Court May Properly Rule Upon This Motion In Limine.**</u>

The United States Court of Appeals for the Third Circuit has approved the use of pre-trial motions <u>in</u> <u>limine</u> to narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions. <u>Bradley v. Pittsburgh Bd. of Educ.</u>, 913 F.2d 1064, 1069 (3d Cir. 1990).

    B.    **Plaintiff Susanne Linn Should Be Precluded From Relying Upon Records From The Allentown Associates In Psychiatry & Psychology.**

        1.    <u>**Plaintiff Susanne Linn Produced Illegible and Incomplete Medical Records.**</u>

According to the Federal Rules of Evidence, and in fairness to Defendants, Plaintiff Susanne Linn should be precluded from any use of her medical records from Allentown Associates, as well as use of any medical records not actually produced by Linn, at trial.

Federal Rule of Evidence 1001 defines, in part, a duplicate as a copy "which accurately reproduce[s] the original." Fed. R. Evid. 1001. Further, Federal Rule of Evidence 1003 states that duplicates are admissible except "in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003. A correct duplicate "must be a legible copy such as a person with undefective eyes and normal vision could discern the writing . . . with a fair degree of certainty." <u>Ostrov v. Metropolitan Life Ins. Co.</u>, 260 F. Supp. 152, 169 (E.D. Pa. 1966).

---

(continued...)
    2. Produce legible and complete copies, including typed transcriptions if the originals are illegible or incomplete, of any and all medical, psychological, psychiatric or other records upon which you intend to rely in support of any of your claims for emotional distress.

(<u>See</u> copy of Defendants' Second Set of Document Requests, attached hereto as Exhibit "M").

In the event Plaintiffs respond to this request fully and completely, including a transcription of the records from the Allentown Associates in Psychiatry & Psychology, Defendants will withdraw this motion.

-8-

937346v2

As is obvious from a quick perusal of the records from Allentown Associates, Linn has produced illegible and incomplete copies of certain medical records. <u>See</u> Ex. I. Despite serving discovery requests in September and October, 2002, Defendants did not receive any medical records from Plaintiff Susanne Linn until June 9, 2003. On that date, which was less than one month before the close of discovery, the records produced from Allentown Associates in Psychiatry & Psychology were illegible and incomplete. Specifically, the borders of several documents were cut off, rendering certain words and sentences incomplete. This violates the Federal Rules of Evidence because the copies cannot be "discerned with a fair degree of certainty." <u>See</u> <u>id.</u>

On numerous occasions, Defendants have requested legible copies of Plaintiff Susanne Linn's medical records or alternatively, a transcription of the physician's handwritten notes. To date, Defendants have received neither. Defendants have made a good faith effort to obtain the medical records and are now prejudiced in defending this matter with regard to Linn's claim for emotional distress. Meanwhile, Plaintiff Susanne Linn offers no justifiable reason for her dilatory conduct.

Moreover, these records reflect treatment of Linn after her termination by Defendant Department of Corrections, and therefore directly address the very damages that Linn claims in the instant litigation. Further magnifying the importance of the records is the fact that Linn has had years of therapy prior and, by her own admission, unrelated to the claims in this matter.[4] Given the fact that Defendants have attempted to resolve this issue and discovery is now closed,

---

[4] Linn testified that she began therapy in the late 1980s as a result of the death of her significant other, as well as the death of her mother, father and uncle. (Linn dep. at 9-10).

Linn should not reap the benefit of her failure to comply with the Federal Rules of Evidence by relying upon records that are incomprehensible to anyone but Linn's provider.

2. **Plaintiff Susanne Linn Failed to Provide Medical Releases to Defendants Despite Repeated Requests.**

In addition to Plaintiff Susanne Linn producing illegible and incomplete copies of medical records, her failure to provide signed medical releases renders specific medical records inadmissible.

Federal Rule of Civil Procedure 34 permits a party to request another party to produce documents that are "in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34. If a party has the legal right to certain documents, "then they are within his control, and he must produce them." Frieman v. US Air Group, Inc., No. 93-3142, 1994 U.S. Dist. LEXIS 16994, at *13-*14 (E.D. Pa. November 23, 1994) (emphasis provided). Defendants' ability to obtain medical records through subpoenas "does not excuse the plaintiffs from their obligation" to produce signed authorization forms for medical records. Id. at 14.

Despite their best efforts, including forwarding the medical releases to Plaintiffs' counsel on two occasions, Defendants were unable to obtain signed medical releases from Linn. Under these circumstances, Linn should not reap the benefit of relying upon medical records to support her claim for emotional distress for which she has not produced signed authorizations. For all the above reasons, this Court should not permit Linn to rely upon any records other than those produced by Linn on June 9, 2003, with the exception of the Allentown Associates records, which should be precluded in their entirety for the reasons set forth above.

937346v2

III. **CONCLUSION**

Accordingly, Defendants respectfully request that this Court enter an Order precluding the admission of records for Susanne Linn from Allentown Associates in Psychiatry & Psychology.

| | |
|---|---|
| *[signature]* | *[signature]* |
| Linda M. Martin, Esquire | David J. MacMain, Esquire |
| John R. Bielski, Esquire | L. Kristen Blanchard, Esquire |
| Willig, Williams & Davidson | Dennis G. Young, Jr., Esquire |
| 1845 Walnut Street | Montgomery, McCracken, Walker & Rhoads, LLP |
| 24th Floor | 123 South Broad Street |
| Philadelphia, PA  19103 | Philadelphia, PA  19109 |
| (215) 656-3600 | (215) 772-1500 |
| | |
| Attorneys for Defendant | Attorneys for Defendants, |
| AFSCME Local 2549 | Northampton County, Northampton County, Department of Corrections, and Todd Buskirk |
| | |
| Dated:  July 15, 2003 | Dated:  July 15, 2003 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2003, I caused a true and correct copy of the foregoing **Defendants Northampton County, Northampton County, Department of Corrections, and Todd Buskirk's Motion in Limine To Preclude the Admission of Records for Susanne Linn from Allentown Associates in Psychiatry & Psychology, and Brief in Support Thereof** to be served upon counsel for Plaintiff by Facsimile and First Class Mail, Postage Prepaid, addressed as follows:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA 18016-0190

Jordan Yeager, Esquire
Boockvar & Yeager
714 Main Street
Bethlehem, PA 18017

Robert L. Sharpe, Jr. Esquire
328 West Broad Street
Quakertown, PA 18951

*Attorneys for Plaintiffs,*
*Susanne H. Linn and Melissa Knesz*

Linda Martin, Esquire
John Bielsky, Esquire
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA 19103

*Attorneys for Defendant,*
*AFSCME Local 2549*

L. Kristen Blanchard

937346v2