## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSANNE H. LINN and** | : | **Civil Action No. 02-4417** |
| **MELISSA KNESZ,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **NORTHAMPTON COUNTY,** | : | |
| **NORTHAMPTON COUNTY** | : | |
| **DEPARTMENT OF CORRECTIONS,** | : | |
| **TODD BUSKIRK, WARDEN,** | : | |
| **AFSCME LOCAL 2549,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this _____ day of _____, 2003, upon consideration

of the Joint Motion in Limine of All Defendants to Preclude the Admission of Evidence

Regarding Dr. Richard Weiss and Psychological Testing Of Candidates for Corrections Officer

Positions is hereby ORDERED that Defendants' Motion is GRANTED.

BY THE COURT:

_____

Brody, J.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNE H. LINN and<br>MELISSA KNESZ, | : | Civil Action No. 02-4417 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| NORTHAMPTON COUNTY,<br>NORTHAMPTON COUNTY<br>DEPARTMENT OF CORRECTIONS,<br>TODD BUSKIRK, WARDEN,<br>AFSCME LOCAL 2549, | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION IN LIMINE OF ALL DEFENDANTS TO PRECLUDE THE ADMISSION OF EVIDENCE REGARDING DR. RICHARD WEISS AND PSYCHOLOGICAL TESTING OF CANDIDATES FOR CORRECTIONS OFFICER POSITIONS

Defendants, by and through their undersigned counsel, hereby move for an Order precluding Plaintiffs from introducing evidence regarding Dr. Richard Weiss and psychological testing of candidates for Correctional Officer positions. The grounds for this motion are set forth in the accompanying Brief, which is incorporated herein by reference.

| | |
|---|---|
| Linda M. Martin, Esquire | David J. MacMain, Esquire |
| John R. Bielski, Esquire | L. Kristen Blanchard, Esquire |
| Willig, Williams & Davidson | Dennis G. Young, Jr., Esquire |
| 1845 Walnut Street | Montgomery, McCracken, Walker & Rhoads, LLP |
| 24th Floor | 123 South Broad Street |
| Philadelphia, PA  19103 | Philadelphia, PA  19109 |
| (215) 656-3600 | (215) 772-1500 |
| | |
| Attorneys for Defendant, | Attorneys for Defendants, |
| AFSCME Local 2549 | Northampton County, Northampton County, |
| | Department of Corrections, and Todd Buskirk |
| | |
| Dated:  July 15, 2003 | Dated:  July 15, 2003 |

-2-

938075v1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SUSANNE H. LINN and      :      **Civil Action No. 02-4417**
MELISSA KNESZ,      :
     :
         **Plaintiffs,**      :
     :
         **v.**      :
     :      **JURY TRIAL DEMANDED**
NORTHAMPTON COUNTY,      :
NORTHAMPTON COUNTY      :
DEPARTMENT OF CORRECTIONS,      :
TODD BUSKIRK, WARDEN,      :
AFSCME LOCAL 2549,      :
     :
         **Defendants.**      :

### BRIEF IN SUPPORT OF JOINT MOTION IN LIMINE OF ALL DEFENDANTS TO PRECLUDE THE ADMISSION OF EVIDENCE REGARDING DR. RICHARD WEISS AND PSYCHOLOGICAL TESTING OF CANDIDATES FOR CORRECTIONS OFFICER POSITIONS

### I.    INTRODUCTION AND FACTS

This is an employment discrimination case. Plaintiffs Susanne Linn and Melissa Knesz (collectively, "Plaintiffs"), have asserted claims against Defendants Northampton County, Northampton County Department of Corrections, Todd Buskirk, and AFSCME Local 2549 based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Public Employee Relations Act, 43 P.S. § 1101.201 et seq., and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. (See copy of First Amended Complaint, attached hereto as Exhibit "A").

### A.    EEOC and Federal Complaint

On or about March 29, 2001, Plaintiffs Susanne Linn and Melissa Knesz filed complaints with the Equal Employment Opportunity Commission alleging employment discrimination on the basis of sex. (Copies of their Complaints are attached hereto as Exhibit "B"). The complaints contained allegations similar to those advanced in the First Amended Complaint filed

-3-

in the instant matter, to wit, complaints of disparate treatment based upon sex.  The complaints contained no allegations of discrimination related to the hiring process or Dr. Richard Weiss.

On or about December 4, 2002, Plaintiffs filed a First Amended Complaint ("Complaint") with this Court, alleging discrimination on the basis of sex.  Similar to the EEOC Complaints, the First Amended Complaint contains no allegations of discrimination related to the hiring process or, specifically, with regard to Dr. Weiss.  (See Exhibit "A").

**B.    Dr. Richard Weiss and Psychological Testing Of Candidates For Correctional Officer Positions**

Plaintiffs have not alleged a failure to hire or discrimination in the hiring of Corrections Officers ("COs").  (See Ex. A).  However, during the course of discovery, Plaintiffs asked numerous witnesses about the hiring process and deposed Dr. Richard Weiss, Ph.D., a psychologist who evaluates candidates for corrections officer positions with the Northampton County Department of Corrections ("Prison").  (Weiss dep.[1] at 5-6, Ex. Weiss-1).  Dr. Weiss testified that the psychological evaluation consists of, inter alia, a clinical interview and use of the MMPI-II, "one of the most researched instruments and reliable instruments that psychologists use . . . It measures an individual's personality traits and can help determine [an individual's] ability to handle stress . . ." (Weiss dep. at 9).

It is unclear to what, if any, extent, Plaintiffs intend to rely upon Dr. Weiss's testimony or involvement in the hiring process to support their claims.  However, it appears that one basis may be Dr. Weiss's finding in 1996 that a single female CO was unqualified to be a CO.  In that

---

[1] "Weiss dep." refers to pages from the transcript of Dr. Richard Weiss, taken on July 1, 2003, a copy of which is attached hereto as Exhibit "C."  For the reasons explained in footnote 2, the attached copy of Dr. Weiss's transcript is **sealed**.

938075v1

instance, CO Jane Doe[2] was already an employee of the County and, in fact, worked with Dr. Weiss prior to becoming a CO. (Jane Doe dep.[3] at 6). In 1996, Ms. Doe applied to become a CO with the Prison. (Id. at 5-6, 11). As part of her application process, she submitted to a psychological evaluation with Dr. Weiss. (Id. at 11). Ms. Doe "failed"[4] the test and was not given the CO position. (Id.). Dr. Weiss testified that, to the best of his recollection,[5] he based his decision not to "pass" Ms. Doe for purposes of her psychological evaluation because Ms. Doe had been written up on "several occasions" for being very "angry" or "hostile" with other individuals, and that she was an "overly dominant individual" which indicated to Dr. Weiss that Ms. Doe "might not work out" as a CO. (Weiss dep. at 33-34).

    Ms. Doe filed a complaint with the Director of Corrections and was given the option of taking the test again under a different psychologist. (Id. at 16, 18). Upon submission to a second psychological test in 1998 under a different tester, Ms. Doe passed and became a CO. (Id. at 9, 16).

    Ms. Doe testified that she believed that Dr. Weiss was biased in his testing not because of her gender, but because she worked for him and he did not want to lose her services.

> He didn't want to lose me. I was the only one in [the] treatment [office] that did this, other than Pat Vincent, giving the tests. So I had did this for him for almost 7 years.

(Id. at 19).

---

[2] Although the CO has not requested that her name be kept confidential, we will identify the CO only as "Jane Doe" since Dr. Weiss was asked about and instructed to answer questions regarding the results of Jane Doe's psychological evaluation.

[3] "Jane Doe dep." refers to pages from the deposition transcript of "Jane Doe," taken on June 30, 2003, a **sealed** copy of which is attached hereto as Exhibit "D."

[4] It is unclear whether an individual can actually "fail" the MMPI, so much as be judged unqualified for the position of CO based upon the results of the MMPI. Nevertheless, for purposes of this brief, the words "pass" and "fail" will be used to describe a finding that an individual was or was not qualified for the position of CO based upon the MMPI.

938075v1

At no point in time has Ms. Doe ever filed a complaint of discrimination on the basis of sex, against either Dr. Weiss or any other individual employed by the County or the Prison. (Id. at 18-20, 29). Ms. Doe further testified that she does not believe that gender discrimination exists at the Prison. (Id. at 31).

Significantly, there has been no evidence presented by Plaintiffs or any witness that Dr. Weiss discriminated against Plaintiffs or any other female applicant on the basis of sex. Moreover, there has been no evidence whatsoever that Plaintiffs were harmed in any way during the application process. Indeed, both Plaintiffs passed their psychological tests and were employed by the Prison without impediment. Ms. Doe's failure of the psychological test occurred seven (7) years ago, in 1996. She has been employed by the Prison for approximately five (5) years, since 1998. Any evidence regarding Ms. Doe's failure of the psychological interview and/or test clearly is untimely and irrelevant.

To the extent that Plaintiffs intend to attempt to invalidate the psychological testing procedures utilized by Dr. Weiss, Plaintiffs have failed to produce any expert testimony to rebut Dr. Weiss's methods. In fact, Plaintiffs have produced no evidence to rebut Dr. Weiss's testimony that the MMPI is "one of the most researched instruments and reliable instruments that psychologists use. It stands up well in Court because of its validity and the research." (Weiss dep. at 9).

It is unclear to what extent, if any, Plaintiffs intend to attack Dr. Weiss or his methods. As explained above and below, however, Dr. Weiss and his involvement in the hiring process are irrelevant to the case at bar and evidence of same should be precluded from admission into evidence at trial.

---

[5] Dr. Weiss did not have any materials relating to Ms. Doe available to him at his deposition and therefore testified based purely upon his memory of the 1996 event.

938075v1

## II.    ARGUMENT

### A.    This Court May Properly Rule Upon This Motion In Limine

The United States Court of Appeals for the Third Circuit has approved the use of pre-trial motions in limine to narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions. Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990).

### B.    Evidence Regarding Jane Doe's "Failure" Of The MMPI Is Outside the Statute Of Limitations Because It Occurred Seven (7) Years Ago, And Plaintiffs Have Failed to Show Any Nexus Between That Incident And Any Alleged Discrimination At The Prison Or County.

Plaintiffs failed to allege in their First Amended Complaint, and have failed to produce, any evidence of discrimination by Dr. Weiss in the hiring process. The alleged incident of discrimination regarding Jane Doe clearly is beyond the statute of limitations and cannot be viewed as part of a continuing violation.

Title VII requires a claimant to file a complaint within 180 days of the alleged discriminatory act or, if the charge was already filed with a state agency, within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Under a "continuing violation" theory, incidents taking place outside the prescribed statutory period may be considered where the claimant "can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the [respondent]." Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 481 (3d Cir. 1997). Nevertheless, where significant time passes between incidents, courts will not find a continuing violation. See, e.g., Selan v. Kelly, 969 F.2d 560, 566-67 (7th Cir. 1992) (finding that two incidents, a demotion/transfer and a removal of privileges, occurring more than three years apart did not give rise to a continuing violation).

-7-

An allegation of failure to hire is not susceptible to a continuing violation theory because each alleged failure to hire is a distinct, discrete event. Amtrak v. Morgan, 536 U.S. 101, 111, 114 (2002); Vlachos v. Vanguard Investments, Inc., No. 02-1247, 2002 U.S. Dist. LEXIS 16260, at *8 (E.D. Pa. Aug. 19, 2002). See also Rush, 113 F.3d at 483-84 (finding that a failure to promote and train constitute "discrete instances of alleged discrimination that are not susceptible to a continuing violation analysis").

"When the alleged actions of the defendants are of the type that should trigger 'an employee's awareness of an duty to assert his or her rights,' then there is less likelihood that a continuing violation has occurred." Kovoor v. School District of Philadelphia, 211 F. Supp. 2d 614, 622-24 (E.D. Pa. July 15, 2002) (Brody, J.) (writing that a failure to promote is a "discrete claim under Title VII" and denying plaintiff's claim that a series of failures to promote extends the "relevant statutory period" for purposes of a continuing violation). Compare Miller v. Beneficial Management Corp., 977 F.2d 834, 844 (3d Cir. 1992) (finding continuing violation for failure to promote where the plaintiff sought a promotion for a job title that could have been granted at any time).

Here, Jane Doe testified that upon "failing" the MMPI, she complained to the Prison's Director of Corrections, Cynthia Marakovits, although significantly, she did not complain of discrimination and did not perceive herself to have been the victim of discrimination. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22 (Nov. 9, 1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation").

She further testified that Ms. Marakovits assisted her in taking the test a second time with a different psychologist. Ms. Doe passed the test and has worked as a CO since 1998. Ms. Doe testified that she was satisfied with the results of her complaint to Ms. Marakovits.

Plaintiffs have failed to produce any evidence linking Dr. Weiss to discrimination against any individuals on the basis of sex. In fact, Plaintiffs have not produced evidence of a single female applicant who was wrongly denied a position with the Prison based upon the application or hiring process, including Dr. Weiss's testing of applicants.[6]

Moreover, Plaintiffs have presented no evidence that the alleged act of discrimination against Ms. Doe somehow impacted Plaintiffs. Indeed, it is undisputed in this matter that neither Plaintiff had any difficulty in the hiring process, nor have they asserted any discrimination claims regarding their hiring. In fact, Plaintiff Melissa Knesz was not even employed by the Prison until 1998, two years after Ms. Doe was initially denied a position with the Prison. See Velez v. QVC, Inc., 227 F. Supp. 2d 384 (E.D. Pa. 2002) (writing that in order to infer discrimination on the basis of acts against co-workers, a court should consider whether the acts (1) were undertaken by the same decision-maker; (2) occurred in close temporal proximity to one another; and (3) are similar in nature or kind in terms of the type of discrimination alleged).

Furthermore, Plaintiffs claim a hostile work environment on the basis of alleged actions of individuals **other than** Dr. Weiss, which is distinguishable from an alleged failure to hire claim. See Cabral v. Philadelphia Coca Cola Bottling Co., No. 02-2806, 2003 U.S. Dist. LEXIS 4260, at *29 (E.D. Pa., Mar. 18, 2003) (finding no nexus between the plaintiff's claim of hostile

---

[6] While Plaintiffs may argue that Dr. Weiss's "failure" of Jane Doe on her psychological test was "wrong," Dr. Weiss testified, without rebuttal of any nature, that he relies not only upon test scores to evaluate a candidate, but also utilizes his own judgment – outside of raw test scores – to evaluate candidates. (Weiss dep. at 11-12). Plaintiffs have failed to produce any evidence, expert or otherwise, that different psychologists cannot reach different conclusions regarding a job candidate.

938075v1

work environment and the alleged failure to hire <u>other</u> minority candidates for purposes of the

plaintiff's Title VII claims).[7]  <u>See</u> <u>also</u> <u>Rush</u>, 113 F.3d at 484 (writing that a claim for sexual

harassment and claims for failure to promote and train "address different types of conduct" and

therefore are not "related sufficiently . . . to constitute a single continuing violation").  Under

these circumstances, any evidence regarding an isolated event occurring to an individual other

than Plaintiffs five (5) years prior to the time that Plaintiffs filed their EEOC Complaints must be

precluded from admission at trial.

---

[7] Counsel for Defendants found no reported case in the Third Circuit in which a court considered whether a plaintiff within a protected class who was hired by an allegedly discriminatory employer could rely on evidence that an employer failed to hire workers within the same protected class in support of his or her hostile work environment claim. However, <u>Cabral</u>, an unreported case in the Eastern District of Pennsylvania, provides persuasive authority that such evidence is irrelevant for purposes of a hostile work environment claim.

938075v1

## III.    **CONCLUSION**

Accordingly, Defendants respectfully request that this Court enter an Order precluding the admission of any evidence or testimony regarding Dr. Richard Weiss and psychological testing of candidates for corrections officer positions

Linda M. Martin, Esquire
John R. Bielski, Esquire
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA  19103
(215) 656-3600

Attorneys for Defendant,
AFSCME Local 2549


Dated:  July 15, 2003

David J. MacMain, Esquire
L. Kristen Blanchard, Esquire
Dennis G. Young, Jr., Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendants,
Northampton County, Northampton County,
Department of Corrections, and Todd Buskirk


Dated:  July 15, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2003, I caused a true and correct copy of the

foregoing **Joint Motion in Limine Of All Defendants To Preclude the Admission of**

**Evidence Regarding Dr. Richard Weiss and Psychological Testing Of Candidates for**

**Corrections Officer Positions, and Brief in Support Thereof** to be served upon counsel for

Plaintiff by First Class Mail, Postage Prepaid, addressed as follows:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA  18016-0190

Jordan Yeager, Esquire
Boockvar & Yeager
714 Main Street
Bethlehem, PA  18017

Robert L. Sharpe, Jr. Esquire
328 West Broad Street
Quakertown, PA  18951

*Attorneys for Plaintiffs,*
*Susanne H. Linn and Melissa Knesz*

L. Kristen Blanchard

938075v1