IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Susanne H. Linn and Melissa Knesz** : | |
| : | |
| **Plaintiffs** : | |
| : | Civil Action |
| v. : | |
| : | No. 02-4417 |
| **Northampton County, Northampton** : | |
| **County Department of Corrections,** : | |
| **Todd Buskirk, Warden, and AFSCME** : | |
| **Local 2549,** : | |
| **Defendants** : | |

**DEFENDANTS' JOINT MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE ANY
AND ALL EVIDENCE REGARDING OBSCENE COMMENTS
OR CONDUCT BY INMATES WITH RESPECT TO PLAINTIFFS' TITLE VII AND
<u>PENNSYLVANIA HUMAN RELATIONS ACT CLAIMS</u>**

Defendants, Northampton County, Northampton County Department of Corrections, Warden Todd Buskirk and AFSCME Local 2549, through their respective undersigned counsel, jointly submit this Memorandum of Law in support of their Motion in Limine seeking to exclude any and all evidence regarding obscene comments or conduct by inmates referring to or directed at female correctional officers at the Northhampton County Department of Corrections with respect to Plaintiffs' Title VII and Pennsylvania Human Relations Act claims.

I.   <u>FACTUAL BACKGROUND</u>

Plaintiff Susanne Linn has been employed as a Corrections Officer by the Northampton County Department of Corrections ("Prison") since June 23, 1992. Plaintiff Melissa Knesz has been employed as a Corrections Officer by the Prison since

April 17, 1998.  In Counts I, II, and VII of their First Amended Complaint, both Plaintiffs alleged that all of the Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. § 2000e, *et seq.* (Counts I and II) and the Pennsylvania Human Relations Act, 42 Pa. C.S. § 951 *et seq.* (Count VII) by discriminating against them, and other female corrections officers, in their terms and conditions of employment and created a hostile work environment based upon their gender.[1]  See Exhibit 1, First Amended Complaint.

      While the Plaintiffs' Amended Complaint does not support these claims with specific factual allegations that female correctional officers were subjected to derogatory comments or actions by inmates, their 2001 EEOC charge alleges that female officers are called pejorative names such as "bitch," "whore," "slut," and "cunt" by male officers and inmates.  See Exhibits 2, Linn 2001 EEOC charge; Exhibit 3, Knesz 2001 EEOC charge.  Furthermore, during some of the depositions in this matter, there was testimony that inmates on occasion used such derogatory language or engaged in masturbation in the presence of some correctional officers.  Exhibit 4,

---

[1] Plaintiffs alleged other claims against the Defendants which are not relevant to this Motion in Limine.  Both Plaintiffs alleged that all of the Defendants retaliated against them in violation of Title VII for asserting claims of discriminatory treatment by the Defendants.  (Count III.)  Furthermore, the Plaintiffs alleged that the County Defendants violated 42 U.S.C. § 1983 by denying the Plaintiffs equal protection under the law and the right to exercise the First Amendment privilege to speak about employment discrimination.  (Counts IV and V.)  Additionally, Plaintiffs alleged a breach of the duty of fair representation against Defendant AFSCME Local 2549 pursuant to Pennsylvania's Public Employe Relations Act, (Act 195), 43 P.S. §1101.101 *et seq.* (Count VI).   (Exhibit 1, First Amended Complaint.)

Dorsey Dep. at 23-24; Exhibit 5, Pietruszkiewicz Dep. at 49-50; Exhibit 6, Rodriguez Dep. at 56, 58-59; Exhibit 7, Schultes Dep. at 11-12.

## II. ARGUMENT

### A. The Court Should Exclude All Evidence Concerning Obscene Comments or Conduct of Inmates Which Is Directed at or Referring to Female Correctional Officers, as Such Evidence Is Not Permitted to Support a Sexual Discrimination Claim

While there is no reported decision in the Third Circuit or the Pennsylvania courts regarding the permissibility of using obscene comments or conduct by prison inmates to support a Title VII or PHRA claim, case law in other federal district courts provides persuasive authority that correctional officers may not support a sexual discrimination claim with such evidence. In Powell v. Morris, 37 F. Supp. 2d 1011 (E.D. Ohio 1999), a female correctional officer asserted a hostile work environment claim against the Ohio Department of Rehabilitation and Correction and some of its employees. In support of this claim, the plaintiff relied, in part, on derogatory comments and inappropriate behavior of certain inmates within the facility at which she worked. The Powell Court rejected such evidence, arguing "[c]ourts have repeatedly declined to impose sexual harassment liability upon correctional institutions for the sexually offensive conduct of inmates, as long as the defendant took proper preventive and remedial steps with regard to inmate behavior." Id. at 1017 (citing Maine v. Oklahomo Dept. of Corrections, No. 97-6027, 1997 U.S. App. LEXIS 26982, *7 (10th Cir. 1997);

Hicks v. State of Alabama, 45 F. Supp. 2d 921 (S.D. Ala. 1998)).  The Powell Court continued:

> The propensity of courts to decline imposing liability for prisoner acts is based on solid logical and practical foundations: anyone who works at a prison, particularly in a position with frequent inmate contact, must expect some off-color interactions.  Prison employees inherently assume the risk of some rude inmates.  It is absurd to expect that a prison can actually stop all obscene comments and conduct from its inmates–people who have been deemed unsuited to live in normal society.  The most we can expect and require prisons to do is to implement and enforce policies reasonably calculated to minimize such harassment and protect the safety of its employees.

Id.

Similarly, in Hicks v. Alabama, 45 F. Supp. 2d 921 (S.D. Ala. 1998), the plaintiffs attempted to support their hostile work environment claim against the prison, based on evidence that inmates occasionally masturbated in their presence.  The Hicks Court refused to rely on such evidence, arguing that "[t]o the extent plaintiffs seek to hold the defendants liable for their inability to alter the inmates alleged propensity to masturbate in the plaintiffs' presence, plaintiffs have themselves been unable to identify any measure which could have been employed to curtail the inmate's conduct but was deliberately withheld by the defendants."  Id. at 933.[2]

---

[2] Additionally, the Hicks Court found that agency principles which guide liability against an employer in a Title VII case do not permit a plaintiff correctional officer to impose vicarious liability on a prison for the actions of an inmate.  See id. at 932.

In this case, the Plaintiffs presumably will rely upon obscene comments or conduct of inmates in support of their sexual discrimination claims.  However, Plaintiffs presented no evidence that they were subjected to obscene comments or conduct by inmates while correctional officers at the Prison.  Furthermore, they have presented no evidence that the Prison refused to take remedial measures to address such inmate comments or conduct.  In fact, the Prison permitted all correctional officers, including female correctional officers, to write-up inmates for obscene comments or conduct (Exhibit 6 at p. 56), and the plaintiffs have presented no evidence that the Prison thwarted correctional officers from performing this function.  Additionally, the Plaintiffs have presented no evidence that they, or any other female correctional officer, attempted to file a grievance regarding obscene comments or conduct of an inmate, but were thwarted by the Union.  Given the fact that the Prison provided a vehicle for all correctional officers to address inappropriate inmate behavior and the fact that the Prison is not required (or able) to ensure a completely sanitized work environment for its employees, the Court should exclude any and all evidence concerning obscene comments or conduct of inmates directed at or referring to female correctional officers.

### III.    CONCLUSION

For all the aforementioned reasons, the Defendants respectfully request that, with respect to Counts I, II, and VII of Plaintiffs' Amended Complaint, the Court exclude any and all evidence regarding obscene comments or conduct by inmates referring to or directed at female correctional officers at the Prison.

Respectfully submitted by,

| WILLIG, WILLIAMS & DAVIDSON | MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP |
|---|---|
| _____ | _____ |
| LINDA M. MARTIN, ESQUIRE | DAVID J. MacMAIN, ESQUIRE |
| JOHN R. BIELSKI, ESQUIRE | L. KRISTEN BLANCHARD, ESQUIRE. |
| 1845 Walnut Street, 24th Floor | DENNIS G. YOUNG, JR., ESQUIRE |
| Philadelphia, PA 19103 | 123 South Broad Street |
| (Office)      (215) 656-3665 | Avenue of the Arts |
| (Facsimile)  (215) 561-5135 | Philadelphia, PA 19109 |
|  | (Office)      (215) 772-1500 |
| Counsel for Defendant | (Facsimile)  (215) 772-7620 |
| AFSCME, Local 2549 |  |
|  | Counsel for Northampton County, Northampton County Department of Prisons, and Warden Todd Buskirk |

Dated: July 15, 2003

## **CERTIFICATE OF SERVICE**

I, Linda M. Martin, Esquire hereby certify that on this 15th day of July, 2003, I caused to be served by first class mail, United States Postal Service, postage prepaid, a true and correct copy of my Entry of Appearance, upon the following:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA 18016-0190
*Counsel to Plaintiffs*

Jordan Yeager, Esquire
Boockvar & Yeager
2 West Butler Ave.
P.O. Box 1884
Doylestown, PA 18901
*Counsel to Plaintiffs*

Robert L. Sharpe, Jr. Esquire
328 West Broad Street
Quakertown, PA 18951
*Counsel to Plaintiffs*

L. Kristen Blanchard, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street, Avenue of the Arts
Philadelphia, PA 19109
*Counsel to Defendants Northampton County, Northampton County Department of Corrections, and Todd Buskirk, Warden*

_____
LINDA M. MARTIN, ESQUIRE

Dated: July 15th, 2003