## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNE H. LINN and<br>MELISSA KNESZ, | : | Civil Action No. 02-4417 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NORTHAMPTON COUNTY,<br>NORTHAMPTON COUNTY<br>DEPARTMENT OF CORRECTIONS,<br>TODD BUSKIRK, WARDEN,<br>AFSCME LOCAL 2549, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

AND NOW, this _____ day of _____, 2003, upon consideration of the Joint Motion in Limine of All Defendants to Preclude the Admission of Evidence Regarding the Tredinnick Report or Documents Related Thereto, Plaintiffs' Response Thereto and Defendants' Reply, it is hereby ORDERED that Defendants' Motion is GRANTED and that the following documents are precluded from admission into evidence at trial:

(1)    Tredinnick Report;

(2)    All documents not produced by Plaintiffs by August 7, 2003, in response to Defendants' discovery requests; and

(3)    All documents not identified by Plaintiffs in their Rule 26 Disclosures, except for documents admissible for purposes of rebuttal.

BY THE COURT:

_____

Brody, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNE H. LINN and MELISSA KNESZ, | : : : | Civil Action No. 02-4417 |
| Plaintiffs, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| NORTHAMPTON COUNTY, NORTHAMPTON COUNTY DEPARTMENT OF CORRECTIONS, TODD BUSKIRK, WARDEN, AFSCME LOCAL 2549, | : : : : : : | |
| Defendants. | : | |

JOINT REPLY OF ALL DEFENDANTS TO PLAINTIFFS' RESPONSE
TO THE JOINT MOTION IN LIMINE OF ALL DEFENDANTS
TO PRECLUDE THE ADMISSION OF EVIDENCE REGARDING
THE TREDINNICK REPORT AND DOCUMENTS RELATED THERETO

Defendants Northampton County, Northampton County Department of Corrections, Todd

Buskirk, and AFSCME Local 2549 (collectively, "Defendants"), by and through their

undersigned counsel, respectfully submit this reply to Plaintiffs' Response to Defendants' Joint

Motion in Limine to Preclude the Admission of Evidence Regarding the Tredinnick Report and

Documents Related Thereto because Plaintiffs (1) misstate case law; (2) make unsupported

statements; and (3) revealed for the first time during the course of this litigation that they intend

to rely upon previously unidentified documents to support their claims.

I.    **INTRODUCTION AND FACTS**

By way of reference, Defendants incorporate Section I ("Introduction and Facts") of Joint

Motion in Limine of All Defendants to Preclude the Admission of Evidence Regarding the

Tredinnick Report or Documents Related Thereto as if fully set forth herein.

-2-

947357v1

In addition to misstating Defendants' arguments and despite acknowledging that the Tredinnick Report is comprised of, at best, hearsay or multiple levels of hearsay and, at worst, rank innuendo and rumor, Plaintiffs' claim in their brief that the Report is admissible as a hearsay exception under Federal Rules of Evidence 803(8)(C), 404(B) 608(b), 803(6), and admissible to show notice.

## II.   ARGUMENT

### A.   The Substance Of The Tredinnick Report Is Irrelevant To The Case At Bar.

Plaintiffs' arguments regarding the alleged relevance of the Report ignore the crucial fact that they failed to produce any evidence that the subject of the report, Jose Garcia, engaged in any action that harmed Plaintiffs. In support of their position, Plaintiffs criticize Defendants for relying upon a District Court decision that Plaintiffs erroneously contend is contrary to controlling authority. See Pls.' Br.[1] at 25. In fact, Oaks v. City of Philadelphia, No. 99-CV-2854, 2002 U.S. Dist. LEXIS 12151 (E.D. Pa. April 30, 2002), cited by Defendants, and Simpson v. Kay Jewelers, 142 F.3d 639 (3d Cir. 1998), cited by Plaintiffs, stand for similar propositions.

In Oaks, a District Court opinion that was affirmed by the Third Circuit Court of Appeals, the District Court cited Simpson for its assertion that evidence of differential treatment of "a single member of the non-protected class is insufficient to give rise to an inference of discrimination." Oaks, 2002 U.S. Dist. LEXIS 12151, at *24. Plaintiffs' reliance upon Simpson and Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994), is misplaced and in no way conflicts with the

---

[1] "Pls.' Br." refers to the Brief in Support of Plaintiffs' Response to the Six Motions In Limine Jointly Filed By All Defendants, filed with the Court on August 8, 2003.

<u>Oaks</u> holding that allegations of discriminatory practices do not render admissible just any document pertaining to any type of discrimination. <u>Oaks</u>, 2002 U.S. Dist. LEXIS 12151, at *21.

The <u>Oaks</u> Court also found that a report issued by a mayoral task force was "entirely speculative and clearly insufficient to raise a reasonable inference of discrimination." <u>Id.</u> at *22. <u>See also</u> <u>King v. Sch. Dist. Of Philadelphia</u>, No. 00-CV-2503, 2001 U.S. Dist. LEXIS 10710, at *4 (E.D. Pa. July 26, 2001) (writing that conclusory and unsupported beliefs are insufficient to support an inference of discrimination). The <u>Oaks</u> Court found that the report did not survive scrutiny under Federal Rules of Evidence 401 and 403. Here, the Tredinnick Report suffers from the same weaknesses.

Plaintiffs' primary argument regarding the relevancy of the Tredinnick Report is that the IA Officer, whom Plaintiffs admit is the "primary subject of the Report," is responsible for various internal matters at the Prison.[2] <u>See</u> Pls.' Br. at 19-20. Plaintiffs' sudden attempt to cast the IA Officer as crucial to their case rings hollow. There is a disconnect with respect to the IA Officer's role and Plaintiffs' alleged discrimination. It is undisputed in this matter that Plaintiffs never so much as contacted the IA Officer at any point in time to complain about any alleged harassment or discrimination, nor have Plaintiffs produced any evidence that the IA Officer engaged in any activity that caused them harm. Indeed, Plaintiffs did not even attempt to depose the IA Officer during discovery in this matter.

As revealed by the examples from the Report cited by Plaintiffs to support admission of the Report, the substance of the Report is irrelevant to the case at bar. <u>See</u> Pls.' Br. at 20-22. For

---

[2] Plaintiffs argue that Defendants have made "opposite" arguments regarding the substance of the Report. Contrary to Plaintiffs' implication, the arguments asserted by Defendants in the <u>Doe</u> matter and the instant matter are not mutually exclusive, and all are accurate. Moreover, Defendants accurately characterized the Report as covering "many topics," including the work release program. Contrary to Plaintiffs' implication, Defendants' list of topics was not intended to be exclusive. Regardless, the Tredinnick Report was produced to the Court as part of Defendants' Brief, so the substance is not a secret and is available for the Court to review and draw its own conclusions.

example, as Plaintiffs admit, the incident regarding a female Corrections Officer allegedly being asked out by the prior warden involved the *prior* Prison administration. See id. at 21. This alleged incident happened years before the alleged events which underlie Plaintiffs' present complaint. Neither the Corrections Officer nor the Warden involved in that incident currently are employed by the Prison.

More significantly, none of the examples cited by Plaintiffs involved Plaintiffs, nor did Plaintiffs ever complain to Arthur Tredinnick about any discrimination or harassment at the Prison. Indeed, Plaintiffs' names are not even invoked in the Report. See Defs.' Br. [3] at Ex. "C."

Additionally, the examples cited by Plaintiffs substantiate Defendants' arguments, namely, that the Report is based almost entirely upon hearsay, double hearsay and innuendo. Given the report's untrustworthiness and unreliability, Plaintiffs' argument – that if the Report contains false allegations, it proves that Corrections Officers are willing to lie and retaliate – is outside the bounds of reason. Plaintiffs have produced no evidence connecting the individuals in the Report with any actions taken against Plaintiffs.

Finally, and not insignificantly, the admission of the Report into evidence will result in dozens of mini-trials regarding the many irrelevant allegations contained in the Report. As Plaintiffs readily admit, the allegations contained in the Report are nothing more than mere allegations. In the event the Report is admitted into evidence, Defendants will be forced to contest every single allegation contained in the Report on the grounds that the allegations are not relevant, constitute hearsay, or are prejudicial. This will pose a difficult and time-consuming undertaking because of (1) the numerosity of allegations; (2) the fact that the Report was written four years ago, and many of the individuals interviewed no longer work for the County; and (3)

---

[3] "Defs.' Br." refers to the Brief in Support of Joint Motion to Preclude the Admission of Evidence Regarding the Tredinnick Report and Unrelated Documents, filed with the Court on July 15, 2003.

the substantial majority of allegations have no relation whatsoever to the instant matter and therefore will be a distraction to the jury.

**B.      The Report Is Hearsay And No Exceptions Advanced By Plaintiffs Offer Relief.**

        **1.      The Tredinnick Report Does Not Qualify As An Exception Under Federal Rule Of Evidence 803(8)(C) Because It Is Not A Public Record And Is Not Trustworthy.**

            a.      <u>The Tredinnick Report Is Not A Public Record.</u>

Plaintiffs wrongly argue that the Report is trustworthy while ignoring the public record requirement under Federal Rule of Evidence 803(8)(C). Plaintiffs admit that the Tredinnick Report is hearsay but argue that it is admissible as an exception under Rule 803(8)(C). Rule 803(8)(C), in relevant part, states:

> Public Records and Reports.
>
> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate the lack of trustworthiness.

F.R.E. 803(8)(C).

The Rule's very heading indicates that Rule 803(8)(C) applies only to "public" records. Plaintiffs attempt to bypass the public record requirement by failing to address this issue. A careful reading of the cases cited in Plaintiffs' Brief addressing the trustworthiness of reports reveals, however, that the reports in those cases were *bona fide* public records. <u>See</u> <u>Keith v. Volpe</u>, 858 F.2d 467, 482 (9th Cir. 1988) (writing that reports "routinely gathered in the regular course of business under authority granted by law" are public records); <u>United States v. Versaint</u>, 849 F.2d 827, 831 (3d Cir. 1988) (concerning a police report); <u>In re Japanese Elec. Prods. Antitrust Litig.</u>, 723 F.2d 238, 263 (3d Cir. 1983) (addressing "a number of documents

originating with public offices or agencies"), rev'd on other grounds sub nom, Matsushita
Electric Ind. Co. v. Zenith Radio, 475 U.S. 574 (1986).

Here, consistent with the plain reading of Rule 803(8)(C), the Report does not qualify as
a "public" record. Specifically, Mr. Tredinnick was neither a government investigator nor
mandated by law to pursue an investigation.

The Report has never been offered voluntarily to the public and has been confidential
since its inception. Those interviewed in furtherance of the Report were specifically told that the
Report would remain confidential. In this litigation, the Report is protected by a stipulation of
confidentiality. Any argument that this Report is "public" is without foundation.

        b.    The Report Lacks The Requisite Degree Of Trustworthiness.

Assuming, *arguendo*, that the Report is a public record, the Report nevertheless fails the
second half of the Rule 803(8)(C) analysis. The Third Circuit Court of Appeals takes an
expansive view of the many factors bearing on the determination of trustworthiness under Rule
803(8)(C). In re Japanese Elecs. Prods. Antitrust Litig., 723 F.2d at 264-265.

Plaintiffs argue that Defendants have failed to show that that the author of the Report or
those interviewed could not be trusted. See Pls.' Br. at 30. In addition to the fact that this is
irrelevant to the analysis, Plaintiffs argument is lacking and clearly misses the mark. Records or
reports under the exception to Rule 803(8)(C) gain their reliability and trustworthiness not from
whether individuals can be trusted, as suggested by Plaintiffs, but from a public duty imposed by
law to observe and record events. See Keith, 858 F.2d at 482. With respect to the Tredinnick
Report, there was no *per se* duty by Mr. Tredinnick to report that would guarantee the Report's
trustworthiness. Hence, the requisite degree of trustworthiness mandated by the Third Circuit is
lacking in the Report, and the Report therefore is inadmissible.

-7-

Indeed, the limited testimony in this matter regarding the Report revealed that it contains double hearsay, fails to properly attribute statements, and, in at least one instance, misquotes an individual and implies a negative meaning to the misquote when the speaker in fact meant nothing negative by his statement. See Defs.' Br. at 5-7. See also United States v. Sallins, 993 F.2d 344, 347 (3d Cir. 1993) (holding that "details as to the out-of-court statements made by the person who called 911 are not admissible unless covered by a separate hearsay exception"). The analysis set out in Sallins will require this Court to conduct a sentence-by-sentence analysis of the plethora of hearsay statements set forth in the Report in order to determine whether the statements are covered under an independent and separate exception other than Rule 803(C). As noted above, this will force Defendants to contest each and every allegation in the Report, regardless of relevance to the case at bar.

It is for just this kind of untenable situation that the Legislature instituted the aegis of Federal Rule of Evidence 403, which precludes admission of a report replete with double hearsay and unsubstantiated allegations that would confuse the issues, mislead the jury, cause undue delay and waste time. F.R.E. 403. The numerous flaws in Mr. Tredinnick's "investigation," to the extent that his actions deserve such nomenclature, render the Report untrustworthy and inadmissible.

2. **Plaintiffs Have Failed To Set Forth Any Arguments, Let Alone Produce Any Evidence, That The Report Is Inadmissible Under Rule 803(6).**

Plaintiffs allege in a footnote that the Report is admissible under Federal Rule of Evidence 803(6). Rule 803(6) sets forth a litany of requirements that Plaintiffs have failed to address, let alone attempted to prove. Rule 803(6) provides as follows:

-8-

(1)  A memorandum, report, record or data compilation, in any form;
(2)  Of acts, events, conditions, opinions, or diagnosis;
(3)  Made at or near the time;
(4)  By, or from information transmitted by, a person with knowledge;
(5)  If kept in the course of a regularly conducted business activity;
(6)  And if was the regular practice of that business activity to make the memorandum, report, record or data compilation;
(7)  All as shown by the testimony of the custodian or qualified witness;
(8)  Unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

F.R.E. 803(6).

Plaintiffs have provided no supporting case law or other authority supporting the application of *any* of the above (8) eight elements to the Tredinnick Report. See Pls.' Br. at 29. Indeed, Plaintiffs' reliance upon Rule 803(6) fails for numerous reasons, most notably, its failure to meet the seventh element. F.R.E. 803(6).

Where, as in this case, a report incorporates statements made by persons who have no duty to report, and who are promised confidentiality – and thus have no fear of being challenged or disciplined for providing false information – the untrustworthy nature of the report is elevated and the report must be scrutinized for double hearsay. See United States v. Snyder, 787 F.2d 1429, 1434 (10th Cir. 1996), cert. denied, 479 U.S. 836 (1986) ("It is well established that although entries in a police or investigating officer's report which result from the officer's own observations and knowledge may by admitted [into evidence], statements made to the officer by third parties under no business duty to report may not"); United States v. Bortnovsky, 879 F.2d 30, 34 (2d Cir. 1989) (writing that although an adjuster's report might otherwise qualify as a business record within the meaning of Rule 803(6), the statement does not satisfy the rule's requirements because there was no showing of a duty to report).

In this case, it is undisputed that those interviewed by Mr. Tredinnick did not have a duty to "report," as that term is defined by the Federal Rules of Evidence. Most of those interviewed, in fact, were given the option to speak with Mr. Tredinnick in confidence and were told that the process was voluntary. Under any standard of proof, Plaintiffs' attempt to gain admission of the Report under Rule 803(6) must be denied.

      **3.**    **The Report Is Not Admissible Under Rule 404(b) Because Plaintiffs Have Failed To Articulate The Precise Alleged Basis Of Its Admissibility And The Report Contains Numerous Unsubstantiated Allegations.**

In a single, unsupported sentence, Plaintiffs claim that the Report is admissible as evidence of other wrongs under Federal Rule of Evidence Rule 404(b). Plaintiffs cite one case, Huddleston v. United States, 485 U.S. 681 (1988), in support of their position. See Pls.' Br. at 28. The proposition for which Huddleston is cited, however, is not relevant to the present inquiry.

Contrary to Plaintiffs' argument, under Rule 404(b), "similar act evidence is relevant only if a jury can reasonably conclude that the act occurred" by the same actor, invoking a trustworthiness analysis. Huddleston, 485 U.S. at 689. The proponent of admissibility "must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference" that because it happened before, it happened here. United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992). The disputed evidence also must undergo a Rule 403 analysis in view of the strength of the evidence and availability of other means of proof. Huddleston, 485 U.S. at 689 ("[T]he strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing").

Even if Plaintiffs are given the benefit of the doubt, and their failure to offer any support for the argument that the report is admissible under Rule 404(b) is overlooked, the fact is that no support exists for Plaintiffs position. First, and as a necessary requirement under Rule 404(b), Plaintiffs have not articulated for what specific purpose the Report is admissible (e.g., motive, opportunity, intent, preparation, etc.). Plaintiffs' attempt to generalize admissibility without showing a specific reason for the Report's relevancy under Rule 404(b) is contrary to well-established principles. See Sampson, 980 F.2d at 888.

Second, and as explained supra, the Report is replete with unsubstantiated allegations and innuendoes that are not relevant to Plaintiffs' claims. Under Huddleston, the lack of evidence supporting the substance of the Report must lead to a conclusion that the Report is inadmissible.

Lastly, given all of the above, a Rule 403 balancing would reveal that the unquestionably prejudicial nature of the Report outweighs any potential value. Indeed, Plaintiffs have failed to explain how the Report, which (1) was written years before this litigation commenced; (2) fails to reference any alleged act of discrimination about which Plaintiffs complain in this matter; and (3) fails to contain any reference to Plaintiffs, could possibly be more probative than prejudicial at trial.

## 4.    Federal Rule of Evidence 608(b) Does Not Apply To The Report Because The Report Constitutes Extrinsic Evidence.

Plaintiffs' argument that the Report is admissible under Rule 608(b) is wholly without merit. Rule 608(b) states that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of a crime as provided in Rule 609, may not be proved by *extrinsic* evidence.

F.R.E. 608(b) (emphasis added).

-11-

947357v1

If admitted, the Report would constitute extrinsic evidence and, therefore, is precluded from admission under the Rule. See 28 Wright and Gold, Federal Practice and Procedure, Evidence § 6117 (1993) (explaining that "the courts uniformly hold that documents and other real evidence of specific instances are excludable under Rule 608(b) as extrinsic evidence when the witness denies engaging in that conduct"); United States v. Olivo, 80 F. 3d 1466, 1470-71 (10th Cir. 1996), cert. denied 117 S.Ct. 265 (1996). Plaintiffs' argument, therefore, is fatally flawed.

### C.    Plaintiffs' Contention That The Tredinnick Report Is Admissible To Show Notice Is Contradicted By Plaintiffs' Own Admission That The Report Is Being Offered For The Truth Of The Matters Asserted.

In an apparent effort to sidestep its inadmissibility based upon hearsay, Plaintiffs also claim that the Report is admissible to show notice. To the contrary, there is no other tenable purpose for the Report's admission except for its purported truth. See e.g., Sallins 993 F.2d at 347 (holding no valid reason for admission of testimony other than for its truth). In fact, Plaintiffs admit that the Report is being offered for its truth. Specifically, they write that:

> [The Report] reflects that Defendants have previously
> discriminated against other women, that Defendants have
> previously retaliated against others who have spoken out, that
> Defendants have discriminated against members of other protected
> classes, and/or that Defendants have treated more favorably
> similarly situated persons not within Plaintiffs' protected classes.

See Pls.' Br. at 25.

Clearly, Plaintiffs intend to rely on the Tredinnick Report for its truth and Plaintiffs' argument to the contrary is without foundation.

947357v1

**D.**  **Plaintiffs Failed To Reveal Their Intention To Rely Upon The <u>Doe</u> or <u>Miklas</u> Files In This Matter Until After The Close Of Discovery And Have Conceded That Defendants' Motion In Limine To Preclude Admission Of Evidence Regarding The Doe File Should Be Granted.**

Plaintiffs argue that Defendants were on notice that Plaintiffs intended to rely upon the Tredinnick Report in support of their case and therefore cannot now argue that they are "surprised" by Plaintiffs' use of the Tredinnick Report. <u>See</u> Pls.' Br. at 17. Plaintiffs misconstrue Defendants' argument. Defendants' arguments regarding exclusion of the Tredinnick Report pertain to its content rather than any surprise. Indeed, Defendant do not assert that they were unaware that Plaintiffs would attempt to rely upon the Tredinnick Report, despite Plaintiffs' failure to identify the Report in its Rule 26 disclosures or in responses to discovery.[4] (<u>See</u> Plaintiffs' Rule 26 Disclosures, a copy of which is attached hereto as Exhibit "H.") The only argument of unfair surprise and failure to disclose by Plaintiffs that Defendants assert pertains to the <u>Doe</u> file and now, based upon Plaintiffs' revelation in their Response Brief, to the <u>Miklas</u> file. <u>See</u> Defs.' Br. at 10-11 and discussion, <u>infra</u>. Accordingly, Plaintiffs' argument on this point is a non-issue.

Plaintiffs also argue that Defendants somehow waived the confidentiality of the <u>Miklas</u> and <u>Doe</u> files in this matter by referring to them when responding to Plaintiffs' discovery requests. <u>See</u> Pls.' Br. at 17. This is a curious assertion to make as Defendants do not argue that there is anything confidential about the <u>Miklas</u> or <u>Doe</u>[5] cases. Instead, Defendants argue that there were not put on notice that Plaintiffs intended to reply upon the *entire* <u>Doe</u> file – as

---

[4] Indeed, Plaintiffs refused to produce a copy of the Report in discovery until ordered to do so by the Court on July 22, 2003, two weeks after the close of discovery.

[5] Plaintiffs assert that "contrary to Defendants' suggestion, the <u>Doe</u> case has not been dismissed." Defendants never "suggested" or attempt to "suggest" that the <u>Doe</u> case had been dismissed. Instead, Defendants asserted that the <u>Doe</u> case had been settled. <u>See</u> Defs.' Br. at 5, fn.5. The settlement agreement was reached between the parties, pending final approval by co-defendants, during a conference with Magistrate Judge Diane Welsh on April 30, 2003.

opposed to the specific documents requested in Plaintiffs' discovery requests to which Defendants responded by referring to the <u>Doe</u> case. <u>See</u> Br. at 11.

Plaintiffs have failed to respond to or refute Defendants' argument regarding the irrelevance and untimely production of the <u>Doe</u> file. Additionally, Plaintiffs' reference in their Response Brief to their apparent intent to rely upon the <u>Miklas</u> file is the first time that Defendants have been made aware in this matter that Plaintiffs intend to rely upon that entire file in support of their claims. In fact, despite outstanding discovery requests from Defendants requesting a copy of every document upon Plaintiffs intend to rely in this matter, responses to which were due on August 7, 2003, and despite Plaintiffs' obligation under Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs still have not produced to the County Defendants a single document specific to the <u>Doe</u> or <u>Miklas</u> cases. Accordingly, and in the absence of argument to the contrary in Plaintiffs' Response Brief, Plaintiffs have conceded that these documents should not be admitted into evidence at trial of this matter.

Finally, Plaintiffs argue in a footnote that Defendants should have produced the Tredinnick Report to Defendant AFSCME during the course of discovery. <u>See</u> Pls.' Br. at 18, fn.8. Plaintiffs appear to misunderstand the Federal Rules of Civil Procedure with regard to discovery. Plaintiffs served 60 document requests, several of which sought documents that were hundreds of pages in length, upon Defendants Northampton County, Department of Corrections and Todd Buskirk. Defendants responded to several of the document requests by referring to documents already in Plaintiffs' counsels' possession by virtue of previous litigation against Northampton County. [6]

---

[6] Defendants produced in excess of 1,200 pages of documents to Plaintiffs in this matter.

-14-

Under Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs were required to produce a copy of every document upon which they intend to rely in this matter. Fed. R. Civ. P. 26(a)(1). Plaintiffs already were in possession of some of the documents they requested, specifically, those documents contained in files from previous litigation against the County, as pointed out by Defendants in their responses. Plaintiffs failed to produce these documents to Defendant AFSCME as required by Rule 26.[7] Likewise, in the case of the <u>Doe</u> file, Plaintiffs failed to even reveal their intention to rely upon any aspect of that file other than the specific documents requested in their discovery requests, or set forth in their Rule 26 Disclosures, until after the close of discovery. <u>See</u> Brief at 5.

Moreover, until Defendants received Plaintiffs' Joint Response to their Motions in Limine, Defendants were not aware that Plaintiffs intended to rely upon any aspect of the <u>Miklas</u> case other than the specific documents requested in Plaintiffs' discovery requests or set forth in their Rule 26 Disclosures. (<u>See</u> Ex. H). All Defendants propounded discovery requests to Plaintiffs requesting copies of each and every document upon which Plaintiffs intend to rely in this matter. Responses were due on August 7, 2003, and to date, Plaintiffs have failed to respond to this request from the County Defendants. Therefore, the County Defendants still do not know to what, if any, extent Plaintiffs intend to rely upon documents other than those specifically identified in Plaintiffs' Rule 26 Disclosures.

---

[7] Plaintiffs seem to believe that they were not obligated to produce documents upon which they – and not Defendants – intended to rely in this matter, and that instead, this burden fell upon Defendants. This is a perversion of the Federal Rules of Civil Procedure. Defendants are not obligated under the Rules to predict and produce documents that (1) Plaintiffs intend to rely upon; and (2) are in Plaintiffs' possession.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2003, I caused a true and correct copy of

the foregoing **Joint Reply Of All Defendants To Plaintiffs' Response To The Joint Motion in**

**Limine Of All Defendants To Preclude The Admission of Evidence Regarding The**

**Tredinnick report and Documents Related Thereto** to be served upon counsel for Plaintiffs

by First Class Mail, Postage Prepaid, addressed as follows:

Anne P. Felker, Esquire
539 Center Street
P.O. Box 190
Bethlehem, PA  18016-0190

Jordan Yeager, Esquire
Boockvar & Yeager
714 Main Street
Bethlehem, PA  18017

Robert L. Sharpe, Jr. Esquire
328 West Broad Street
Quakertown, PA  18951

*Attorneys for Plaintiffs,*
*Susanne H. Linn and Melissa Knesz*

L. Kristen Blanchard

947357v1

## III.  **CONCLUSION**

Accordingly, and for all the reasons supra and set forth in the Joint Motion in Limine of All Defendants to Preclude the Admission of Evidence Regarding the Tredinnick Report or Documents Related Thereto, Defendants respectfully request that this Court enter an Order precluding the admission of evidence regarding the Tredinnick Report and documents related thereto.

Linda M. Martin, Esquire
John R. Bielski, Esquire
Willig, Williams & Davidson
1845 Walnut Street
24th Floor
Philadelphia, PA  19103
(215) 656-3600

Attorneys for Defendant
AFSCME Local 2549


Dated:  August 20, 2003

David J. MacMain, Esquire
L. Kristen Blanchard, Esquire
Dennis G. Young, Jr., Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendants,
Northampton County, Northampton County,
Department of Corrections, and Todd Buskirk


Dated: August 20, 2003

-16-

947357v1

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SUZANNE H. LINN and MELISSA KNESZ,  :
                                          :

           PLAINTIFFS,      :   No. 02-4417

                                            :

VS.                                    :

                                          :

NORTHAMPTON COUNTY,        :
NORTHAMPTON COUNTY DEPARTMENT  :
OF CORRECTIONS, TODD BUSKIRK,   :
WARDEN, AFSCME LOCAL 2549,     :

                                          :  JURY TRIAL DEMANDED

           DEFENDANTS     :

## PLAINTIFFS' DISCLOSURE PURSUANT TO F.R.C.P. 26(a)(1)

Plaintiffs make the following disclosures pursuant to Federal Rule of Civil Procedure

26(a)(1):

A) *the name and, if known, address and telephone number of each individual likely to have*

*discoverable information that the disclosing party may use to support its claims.*

The Plaintiffs Melissa Knesz and Suzanne Linn, addresses and telephone numbers already

provided, are familiar with the facts underlying all of the claims in this case. In addition, the

following persons, addresses and phone numbers already in possession of Defendant County,

likely have knowledge of details regarding the treatment of female corrections officers, as well

as discriminatory policies and practices of the defendants: Todd Buskirk, Warden; Jose Garcia,

Internal Affairs Investigator; Daniel Polanski, Director of Human Resources; Mark Rodriguez,

Lieutenant; William Beers, Lieutenant; Mario Capecci, Cap; Donald Wenner, president of local

AFSCME 2549; E. Samberg, former Lieutenant; Craig Dorsey; Cynthia Marakovits, former

Director of Corrections; Al Crivellaro, Union President; Mike Unangst, union steward.  Finally, all current and former female corrections officers are likely to have knowledge of the working conditions discriminatorily affecting the female corrections officers employed by defendant County; likewise, a large number of the male officers are likely to have knowledge of the conditions at issue.  Defendant County has the best and most current information of all addresses and phone numbers for all of these potential witnesses.

B) *a copy of or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.*

See attached documents.  In addition, plaintiffs will provide their tax returns; Suzanne Linn will provide documents from her recent termination from employment with defendant County.  The Union contracts and certain grievances, in possession of Defendant union, or its agents, will also be used by plaintiffs.

C) *a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;*

The following figures do not include estimates of pay or benefit increases over the years.  Nor do they include adjustments for pay increases both plaintiffs would have received had they been promoted during their employment with the County.  The economic impact of such promotions will likely result from discovery

Suzanne Linn -- salary and benefits of approximately $44,000 per year -- she expected to work for another 11 years ; lost wages = $484,000, without adjustment for mitigation.

Ms. Linn will also seek future lost earning potential, estimated at $150,000, emotional distress damages of $500,000.

Melissa Knesz will seek pay differential as well as future lost earning potential of $240,000 and emotional distress damages of $250,000.

The parties will provide copies of the relevant tax returns to document their economic claims.

D) Not applicable.

Respectfully submitted,

12/10/02

Anne P. Felker, Counsel for Plaintiffs
539 Center Street, PO Box 190
Bethlehem, PA   18016-0190
(610)861-7737